IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
ST. JOSEPH DIVISION

| | | |
|---|---|---|
| SHAUNA ABORN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 15-06057-MDH |
| | ) | |
| CAROLYN W. COLVIN | ) | |
| Acting Commissioner of Social Security, | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER

Before the Court is Plaintiff's appeal of the Commissioner's denial of her application for Disability Insurance Benefits and Supplemental Security Income. The Administrative Law Judge denied Plaintiff's claims and the Appeals Counsel subsequently denied Plaintiff's request for review of the ALJ's determination. Therefore, Plaintiff has exhausted her administrative remedies and the matter is now ripe for judicial review. The Court reviews the Commissioner's final decision pursuant to 42 U.S.C. §§ 1383(c)(3) and 405(g).

## STANDARD OF REVIEW

The Court's role in reviewing an ALJ's decision is to determine whether the "findings are supported by substantial evidence in the record as a whole." *Page v. Astrue*, 484 F.3d 1040, 1042-43 (8th Cir. 2007) (citing *Haggard v. Apfel*, 175 F.3d 591, 594 (8th Cir.1999)). "Substantial evidence is relevant evidence which a reasonable mind would accept as adequate to support the Commissioner's conclusion." *Id.* "The fact that some evidence may support a conclusion opposite from that reached by the Commissioner does not alone permit our reversal of the Commissioner's decision." *Id.* (citing *Kelley v. Barnhart*, 372 F.3d 958, 961 (8th Cir. 2004)); *Travis v. Astrue*, 477 F.3d 1037, 1040 (8th Cir. 2007). If the record contains substantial

evidence to support the Commissioner's decision, the Court may not reverse the decision simply because substantial evidence exists in the record that would have supported a contrary outcome. *Krogmeier v. Barnhart*, 294 F.3d 1019, 1022 (8th Cir. 2002). In other words, the Court cannot reverse simply because it would have decided the case differently. *Id.* (citing *Woolf v. Shalala*, 3 F.3d 1210, 1213 (8th Cir. 1993)). Courts "defer heavily to the findings and conclusions of the Social Security Administration" and will disturb the Commissioner's decision only if it falls outside the "zone of choice." *Buckner v. Astrue*, 646 F.3d 549, 556 (8th Cir. 2011) (internal citations omitted). Further, the Court defers to the ALJ's determinations of the credibility of witness testimony, as long as the ALJ's determinations are supported by good reasons and substantial evidence. *Pelkey v. Barnhart,* 433 F.3d 575, 578 (8th Cir. 2006).

## ANALYSIS

The essence of Plaintiff's assertion of error is that the ALJ improperly relied on the opinions of non-examining, state agency physicians whose review of the medical records did not include Plaintiff's most recent medical records. Plaintiff had multiple visits to clinics and a visit to the hospital in the period following the evaluations performed by the state agency physicians. Although the ALJ examined and considered these records, finding them to be consistent with the findings of the earlier examinations, Plaintiff claims that these later records demonstrate Plaintiff was more limited than the Residual Functional Capacity found by the ALJ. Thus, Plaintiff claims the ALJ's RFC is not supported by substantial evidence in the record.

The Court has thoroughly reviewed the administrative record on appeal, including the medical records, hearing testimony, and the ALJ's opinion. The Court concludes that the ALJ's determination is supported by substantial evidence in the record as a whole and was within the available "zone of choice." *Buckner*, 646 F.3d at 556.

The ALJ concluded that Plaintiff suffered from the severe impairments of degenerative disc disease and obesity. (Tr. 15). The ALJ found the following Residual Functional Capacity for Plaintiff:

> [Plaintiff] has the residual functional capacity to lift and carry twenty pounds occasionally and ten pounds frequently. She can stand or walk for up two hours and sit for up to six hours in an eight-hour workday. She cannot climb ladders,, ropes and scaffolds but can occasionally climb ramps and stairs. She can occasionally balance, stoop, kneel, crouch or crawl. She must avoid all unprotected heights and hazardous machinery.

(Tr. 18).

An ALJ must base the RFC on all of the relevant evidence in the record. *Hutsell v. Massanari*, 259 F.3d 707, 711 (8th Cir. 2001). "[S]ome medical evidence" must support the RFC finding. *Lauer v. Apfel*, 245 F.3d 700, 704 (8th Cir. 2001).

Plaintiff claims the RFC is not supported by substantial evidence because the ALJ gave great weight to the opinions of two non-examining physicians, and the opinions of those physicians "failed to address the severity of the findings in the lumbar MRI and also did not have access to substantial evidence submitted after the opinion concerning another year and a half of treatment." (Pl.'s Br. 13). Plaintiff had an MRI on April 6, 2012, which showed:

> L5 bilateral spondylysis with grade 1 anterolistheses L5 on S1 and moderate to severe secondary degenerative disc disease with mild lateral recess and moderate to severe bilateral neural foraminal narrowing which may have been impinging upon either of the exiting L5 nerve roots. Otherwise moderate to severe multilevel degenerative disc disease with levels of mild central canal and moderate to severe neural foraminal narrowing as described with possible impingement of any of the exiting nerve roots at L2-L3 and below.

(Tr. 435). Plaintiff claims the non-examining physician "ignored the severe findings in the lumbar MRI as a contributing factor to [Plaintiff's] severe limitations." (Pl.'s Br. 13). This is not accurate. Dr. Trowbridge, the initial physician, noted that there were "reported results of [an] MRI from 4/6/2012 with multilevel disc desiccation with anterolisthesis of L5 on S1 resulting in

3

Case 5:15-cv-06057-MDH   Document 9   Filed 09/19/16   Page 3 of 7

some bilateral neural foraminal narrowing causing nerve root impingement; also, central canal stenosis multiple levels." (Tr. 63). Dr. Rees reviewed the same evidence and noted, "MRI of lumbar spine reveals disc desiccation L5-S1. [Range of motion] in the lumbar spine decreased. On 5/1/12 during the [physical exam] there was tenderness to palpation in the lower back with decreased [range of motion]." (Tr. 406). Dr. Trowbridge concluded that Plaintiff could occasionally lift/carry twenty pounds, frequently lift/carry ten pounds, stand/walk for up to two hours with normal breaks, and sit for about six hours with normal breaks. (Tr. 65-66). Dr. Trowbridge took into consideration the fact that Plaintiff "is exertionally limited by back and rectal pain." (Tr. 66). Dr. Rees concluded that "the medical evidence in file does not support a more limiting RFC than the one [recommended by Dr. Trowbridge]." (Tr. 407). Thus, it cannot be said that the physicians failed to take the results of Plaintiff's MRI into account.

Plaintiff also claims error on the basis that the opinions of Drs. Trowbridge and Rees did not include an examination of later medical records. Dr. Trowbridge's opinion was provided in July of 2012. Dr. Rees examined the same records as Dr. Trowbridge in her October 2012 analysis. Plaintiff provided medical records through August 2013. Plaintiff claims these additional records demonstrate she was more limited than the RFC recommended by the doctors and ultimately found by the ALJ. Plaintiff argues that the ALJ erred in not having a consultative examination performed in light of these records.

While the ALJ has a duty to fully and fairly develop the record, it is the Plaintiff's burden to prove the RFC. *Stormo v. Barnhart*, 377 F.3d 801, 806 (8th Cir. 2004). "The ALJ is required to order medical examinations and tests only if the medical records presented to him do not give sufficient medical evidence to determine whether the claimant is disabled." *McCoy v. Astrue*, 648 F.3d 605, 612 (8th Cir. 2011).

Plaintiff submitted numerous additional medical records, but provided no opinions from her doctors regarding her exertional capabilities. While the ALJ has a duty to develop the record if there is insufficient information to make a determination, a Plaintiff is not relieved of their burden to prove disability. The failure to provide a medical opinion is not a basis for rejecting Plaintiff's argument. However, the Court will not find error in the ALJ's RFC merely because the later medical records might be open to multiple interpretations.

In this case, it does not appear that the records are open to multiple interpretations. The ALJ concluded the later-received medical records "support [the] doctors' findings. In fact, the additional evidence includes examination findings which show improvement" in Plaintiff's condition. (Tr. 21). Following its own examination of these records, the Court agrees with the ALJ's characterization of the medical records relating to the period after April 2012.

First, it is worth noting that the ALJ methodically and thoroughly discredited Plaintiff's subjective claims of limitation. The Court will not disturb those findings, as they are supported by valid, clearly articulated reasons. *Karlix v. Barnhart*, 457 F.3d 742, 748 (8th Cir. 2006). Plaintiff claims her back condition causes her pain when she sits for more than 15-20 minutes or stands for more than 15 minutes, and that she must spend 20 hours of each day in bed to relieve her pain. Notably, two doctors indicated that Plaintiff presented with Waddell's signs. (Tr. 363-64). Additionally, during the period where Plaintiff claims her condition worsened, Plaintiff had gone mushroom hunting and also jumped off the back of a pickup truck. (Tr. 415, 447). Plaintiff was fired from the pain clinic due to positive urine test for methamphetamine. (Tr. 413). Finally, according to the notes of one of her treatment providers, Plaintiff indicated that "she would like to achieve disability and move in permanently with her mother/grandmother where she can assist them." (Tr. 431).

Second, the Court agrees with the ALJ's conclusion that Plaintiff's medical records are generally consistent with the opinions of Drs. Trowbridge and Rees, and that there are indications her condition improved during that time. (Tr. 21). As of March 2013, her straight leg raises were negative and she had full range of motion in her hips and knees. (Tr. 419). In May 2013, she went mushroom hunting. (Tr. 415). As of July 2013, her straight leg raises remained negative, and Dr. Stuber indicated that he "was unable to give pain meds under the circumstances," even though Plaintiff "really wanted pain relief." (Tr. 414). On July 23, 2013, Plaintiff went to the emergency room after an apparent fall – the doctor's note indicates she jumped off the back of her pickup truck – but she had painless range of motion in her back, normal range of motion in her extremities, and was not in distress. (Tr. 447-48). On August 3, 2013, Plaintiff went to another emergency room after she said she fell six days earlier, but she was found to not be in acute distress. (Tr. 441).

The ALJ provided a thorough examination of the medical records and Plaintiff's credibility. While an argument can be made that the most prudent course of action would be to order a consultative examination in light of a large quantity of additional medical records, the Court does not believe the ALJ failed to uphold her duty in this case. No consultative examination was necessary to allow the ALJ to make a finding. The additional medical records show a brief period during which Plaintiff's condition slightly worsened in August and November 2012, but her condition consistently improved thereafter. Additionally, Plaintiff's credibility was severely hindered by her statements to her treatment providers and by her activities, some of which demonstrate that the ALJ was well within her zone of choice to conclude that Plaintiff's condition improved when Plaintiff claims it worsened. Thus, the Court

6

concludes that the ALJ's determination was within her zone of choice, and the Commissioner's decision is supported by substantial evidence in the record as a whole.

## CONCLUSION

For the reasons set forth herein, the Court finds there is substantial evidence on the record as a whole to support the ALJ's determination. Accordingly, the Commissioner's decision denying benefits is **AFFIRMED**.

**IT IS SO ORDERED:**
Date: September 19, 2016

                                         */s/ Douglas Harpool*
                                         **DOUGLAS HARPOOL**
                                         **UNITED STATES DISTRICT JUDGE**